UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIELLE BRINKMAN,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:21-cv-00528-EJY<br><br>**ORDER** |

    Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint in Part and Motion for an Extension of Time within Which to Answer and File Certified Administrative Record. ECF No. 14. The Court has considered Defendant's Motion and Plaintiff's Response (ECF No. 15). No reply brief was filed. The Court also has before it Defendant's Notice of Supplemental Authority (ECF No. 16) and Plaintiff's Motion for Leave to File Supplemental Brief. ECF No. 25.

**I.    Background**

    Plaintiff filed a Complaint in this action on March 31, 2021 (ECF No. 1-1 ¶ 9) in which she appears to allege, *inter alia*, that (i) the United States Supreme Court decision in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, -- U.S. --, 140 S.Ct. 2183 (2020), demonstrates that the limitation on the President's power to remove the Commissioner of the Social Security Administration ("SSA") is unconstitutional, (ii) the Commissioner heading the SSA at the time Plaintiff's hearing was held was not properly in office because her appointment exceeded 210 days in violation of 5 U.S.C. § 3346, and (iii) the Administrative Law Judge ("ALJ") who heard and decided Plaintiff's case was without constitutional authority to do so.

    In *Seila Law,* the United States Supreme Court considered the constitutionality of a statutory limitation on the President's power to remove the head of the Consumer Financial Protection Bureau ("CFPB"). The Supreme Court held, under the facts of the case, the limitation was an unconstitutional violation of the separation of powers. *Seila Law*, 140 S.Ct. at 2207. In the course of coming to this conclusion, the *Seila Law* Court discussed and found the petitioner had standing to

bring its claim. The Court stated: "petitioner's appellate standing is beyond dispute. Petitioner is compelled to comply with the civil investigative demand and to provide documents it would prefer to withhold, a concrete injury. That injury is traceable to the decision below and would be fully redressed if we were to reverse the judgment of the Court of Appeals and remand with instructions to deny the Government's petition to enforce the demand." *Id*. at 2196. Here, Plaintiff argues that, like *Seila Law*, it is "[t]he Commissioner's authority [that] is at issue." ECF No. 15 at 3-4. Plaintiff contends that the SSA Commissioner was impermissibly in office and therefore exercised impermissible authority over Plaintiff's application for benefits because it is the Commissioner who appointed the ALJ that denied her claim. *Id*. at 2, 4.[1]

Defendant argues Plaintiff lacks standing to bring her claim because she cannot demonstrate traceability or redressability, each of which is necessary to her constitutional claim. Defendant states traceability is lacking because Plaintiff has not connected some alleged "constitutional defect" to her claim that the ALJ's decision must be overturned. ECF No. 14 at 5. Defendant distinguishes the decision in *Seila Law* arguing that Seila Law was "compelled to comply with the civil investigative demand to provide documents it would prefer to withhold," which was a "concrete injury … traceable to the decision below." *Id. citing Seila Law*, 140 S.Ct. at 2196. Defendant seems to point out that Plaintiff fails to provide any evidence that the Commissioner of the SSA (unlike the Director of the CFPB) was in any way involved in the decision with which Plaintiff takes issue. *Id*. Thus, Plaintiff has not demonstrated she sustained an injury as the result of the Commissioner's actions. *Id*. Defendant also argues that a finding in Plaintiff's favor on her Complaint and upcoming motion to remand, or for payment of benefits, will not be redressed by a finding that the Acting Commissioner was not properly in power. Thus, Defendant concludes Plaintiff cannot establish redressability.

**II.    Discussion**

The parties do not dispute that the authority exercised by ALJs is derived from the SSA Commissioner's authority found in 42 U.S.C. § 405g(b)(1). *See also* 42 U.S.C. § 907(a)(7); 20 C.F.R. § 404.929; 20 C.F.R. § 416.1429; HALLEX 1-2-2-1. Nonetheless, the Court finds Plaintiff

---

[1] Plaintiff also argues Defendant's Motion to Dismiss is moot. *Id*. at 7.

cannot establish traceability. Because Plaintiff cannot demonstrate traceability, she lacks standing to bring her constitutional challenge. For this reason, the Court need not reach the issue of redressability.

To establish Article III standing, a plaintiff must show that it has suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct and would likely be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (alterations and internal quotation marks omitted). Importantly, "for purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged." *Collins v. Yellen*, -- U.S. --, 141 S.Ct. 1761, 1779 (2021) *citing Allen* v. *Wright*, 468 U.S. 737, 751 (1984) and *Lujan*, 504 U.S. at 560 ("explaining that the plaintiff must show 'a causal connection between the injury and the conduct complained of,' and that 'the injury has to be fairly traceable to the challenged action of the defendant' (quoting *Simon* v. *Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41 … (1976)").

In this case, unlike *Seila Law*, Plaintiff does not allege facts that support a finding that her injury, the denial of disability benefits, can be or is traced to the conduct of the SSA Commissioner. Whether Plaintiff's claim is that the statutory limitations on the President's ability to remove the Commissioner is unconstitutional or that the Acting Commissioner was in office longer than permitted under statute, Plaintiff has not alleged any facts or provided any evidence in any form suggesting that when the ALJ denied her claim for Social Security benefits, the then-SSA Commissioner played any role whatsoever in that decision. Unlike the Director of the CFPB who was directly involved in decisions that impacted and caused alleged injury to Seila Law, Plaintiff does not allege in her Complaint, nor in response to Defendant's Motion, that the SSA Commissioner took any action that is in any way related to the ALJ's decision.

Indeed, the entirety of Plaintiff's allegations regarding the Office of the Commissioner of Social Security is that, under the *Seila Law* decision, the President's inability to remove the Commissioner is unconstitutional thereby "placing the agency wholly outside the President's control. Since the Commissioner's office is unconstitutional, the ALJ's [sic] are not constitutionally appointed. Plaintiff is entitled to a new hearing with a constitutionally appointed ALJ." ECF No.

1-1 ¶ 9.  However, again, Plaintiff has not shown that whether the President could remove the SSA Commissioner without limitations or an acting commissioner was in office beyond the statutory 210 days allowed impacted the independence of the ALJ or his decision in Plaintiff's case.  It is well settled that the ALJ must "exercise[] his independent judgment on the evidence before him …." *Brennan v. Dep't of Health & Human Servs.*, 787 F.2d 1559, 1562 n.1 (Fed. Cir. 1986) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)).  Because Plaintiff offers nothing that traces the decision by the ALJ in her case to any alleged injurious conduct by the SSA Commissioner, she has not demonstrated traceability and her constitutional violation claim fails for lack of standing.  *Seila Law*, 140 S.Ct. at 2196; *Collins*, 141 S.Ct. at 1779.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint in Part and Motion for an Extension of Time within Which to Answer and File Certified Administrative Record (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's allegations arising from a constitutional challenge in her Complaint are dismissed.  Plaintiff's Complaint is otherwise not impacted by this Order.

IT IS FURTHER ORDERED that Plaintiff shall file her motion to remand no later than November 19, 2021.

IT IS FURTHER ORDERED that Defendant shall file its response and countermotion, if any, no later than January 19, 2022.

IT IS FURTHER ORDERED that Plaintiff's response to Defendant's countermotion, if any, shall be filed no later than February 18, 2022.

IT IS FURTHER ORDERED that Defendant's Notice of Supplemental Authority (ECF No. 16) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Supplemental Brief (EFC No. 25) is DENIED as moot.

DATED this 29th day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE